# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

YPSILANTI ART THEATRE CORP.,
d/b/a Deja Vu Showgirls Ypsilanti;
and M.I.C. LIMITED, INC.,

    Plaintiffs,

v.

CITY OF YPSILANTI; CITY OF
YPSILANTI PLANNING
COMMISSION; ANDY AAMODT,
in his official capacity as the City
Planner; and JOE MEYERS, in his
official capacity as the City of
Ypsilanti Director of Economic
Development,

    Defendants.

Case No. 5:21-cv-10982
Hon. Judith E. Levy
Magistrate Judge Anthony P. Patti

---

Matthew J. Hoffer (P70495)
Zachary M. Youngsma (P84148)
Shafer & Associates, P.C.
3800 Capital City Blvd., Suite 2
Lansing, Michigan 48906
(517) 886-6560
Matt@BradShaferLaw.com
Zack@BradShaferLaw.com

*Attorneys for Plaintiffs*

Lauri B. Stewart (P55014)
Kerr, Russell and Weber, PLC
500 Woodward, Suite 2500
Detroit, MI 48226
(313) 961-0200
lstewart@kerr-russell.com

Scott D. Bergthold (TN 023186)
Law Office of Scott D. Bergthold, P.L.L.C.
2290 Ogletree Ave., Suite 106
Chattanooga, TN 37421
(423) 899-3025
sbergthold@sdblawfirm.com

*Attorneys for Defendants*

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS BASED ON *YOUNGER* ABSTENTION**

**Preliminary Statement**

Deja Vu responds with rhetoric, not reality, to the *Younger* motion. *Younger* plainly applies here. Deja Vu admits that it remodeled without permits and illegally expanded its nonconforming use. (R. 12 at 7 ("A City inspector noticed the unpermitted repairs…."; "YAT installed temporary partitions in an area that was previously operating as part of the Boutique").) Deja Vu does not dispute that the *Middlesex* factors (ongoing state proceeding, implicating important state interests, opportunity to raise constitutional claims) are met. Yet Deja Vu argues that the state court enforcement suit is not a proceeding that warrants abstention.

These arguments fail. First, that suit *is* coercive, for the City (a state actor) initiated it to sanction Deja Vu for wrongful acts of illegal construction and expansion of its nonconforming use, and to abate the resulting nuisance by an injunction against that use. Second, *Younger* applies even when a federal plaintiff brings First Amendment claims (*see Younger* and *Middlesex*). Finally, the state enforcement suit does not meet *Younger*'s narrowly-defined "bad faith" exception.

**Argument**

I. **The state court enforcement action triggers *Younger* abstention.**

The City showed (R. 9 at 12-14) that this Court should abstain because the City's state court action is precisely the type of coercive, civil enforcement proceeding that triggers *Younger*. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975).

1

Deja Vu's arguments to the contrary have no basis in law or fact.

The state court enforcement action is coercive. (*See* R. 9 at 13.) Count 1 seeks a declaration that, as a sanction for making unpermitted repairs and expanding its nonconforming use in violation of the Zoning Ordinance and Michigan law, Deja Vu has forever lost its right to continue its business at the Property. Count 2 seeks to abate the nuisance of the unlawful, nonconforming use. Count 3 seeks to enjoin Deja Vu's from operating the type of business that Deja Vu has operated for years at the site. The City's state court suit is a civil enforcement proceeding.

Deja Vu's reliance on *Executive Arts Studio, Inc. v. City of Grand Rapids,* 179 F. Supp. 2d 755 (W.D. Mich. 2001) is misplaced. The court did not apply *Younger* because the state action was filed by a private party, not the government. *Id.* at 762. The City filed the state action here. *Sprint*, 571 U.S. at 79 ("Such enforcement actions are characteristically initiated to sanction the federal plaintiff, *i.e.,* the party challenging the state action, for some wrongful act. . . . [A] state actor is routinely a party to the state proceeding and often initiates the action.").

Deja Vu's assertion that it is "physically impossible" for it to operate its adult regulated use on the property unless the City issues it a decision is false. (R. 12 at 14.) First, the City *did* issue a decision that: (1) Deja Vu's application was incomplete and that, (2) even if it were complete, it would be denied because under the terms of the Zoning Ordinance, a nonconforming use is not eligible to obtain

2

"site plan review" to "expand" or "intensify" its use. (R. 12-1 at 44 (citing Zoning Ordinance § 122-349(b))[1].) More important, the Director found that Deja Vu lost any right it may have had to continue its nonconforming use because Deja Vu illegally made repairs and expanded its nonconforming use. (*Id.* at 45.)

Thus, while it is *legally* impossible for Deja Vu to operate its adult regulated use on the property, it is certainly not *physically* impossible for Deja Vu to operate illegally, as it has done.

Deja Vu also opposes abstention because it asserts First Amendment claims. (R. 12 at 12.) But Deja Vu ignores that both *Younger* and *Middlesex* required abstention in First Amendment cases. *Younger*, 401 U.S. at 38-39 (discussing claim that statute violated his "rights of free speech and press, rights guaranteed [Younger] by the First and Fourteenth Amendments"); *Middlesex*, 457 U.S. at 429 (noting claim that bar discipline rules violated First Amendment rights).

Deja Vu provides no authority to support its position. Two of its cases do not involve *Younger* abstention. *Associated General Contractors of Ohio, Inc. v. Drabik*, 214 F.3d 730, 740 (6th Cir. 2000) (*Pullman* abstention); *Procunier v. Martinez*, 416 U.S. 396, 405 (1974) (citing *Pullman* abstention decisions). *Steffel v. Thompson* does not help Deja Vu because that case involved only threatened

---

[1] Again, Deja Vu's complaint about alleged delay in site plan review relies on a zoning procedure that is not available to Deja Vu (even if it had retained its nonconforming use rights).

3

enforcement, not a pending state enforcement action. 415 U.S. 452, 462 (1974). *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350 (1989) ("*NOPSI*") is also inapplicable. *Younger* abstention did not apply there because the state proceeding at issue was not "judicial in nature." *Id.* at 369-70. *NOPSI* explained: "[W]hen we inquire into the substantiality of the State's interest in its proceedings we do not look narrowly to its interest in the outcome of the particular case…. Rather, what we look to is the importance of the generic proceedings to the State." *Id.* at 365. Here, there is no dispute that the City's state court enforcement proceeding is judicial in nature. For these reasons, Deja Vu's "First Amendment" argument against applying *Younger* abstention fails.

Finally, Deja Vu's suggestion that an injunction would merely instruct it to "obey the law" is premature and wrong. The state court suit seeks to sanction Deja Vu for its *specific* past unlawful acts of illegal construction and illegal expansion of a nonconforming use, and asserts an exclusively state-law claim (that Deja Vu's nonconforming use has terminated by operation of law) that is not pending here or in any other court. Only that remedy can give the full relief to which the City is entitled. The requested relief would not be a generic "obey the law" injunction, but a specific directive to Deja Vu to cease operating its nonconforming use on the Property as a sanction for its conduct which terminated the lawfulness of that use.

Deja Vu's efforts to avoid *Younger* abstention are without merit.

## II. Deja Vu's bad faith argument does not come close to meeting the standard for the exception to *Younger*.

Deja Vu invokes the bad faith exception to *Younger* abstention. But, as the City demonstrated (R. 9 at 18-20), Deja Vu is unable to meet the high standard for that exception because there is no record evidence of bad faith.

Deja Vu's bad-faith retaliation claim fails. Deja Vu does not explain how interpreting and applying the generally-applicable restrictions on nonconforming uses is retaliatory. (R. 12 at 17.) And contrary to Deja Vu's contention, the City *did* issue a decision on Deja Vu's building permit application. (R. 12-1 at 43.) It was not a moratorium, as permits to operate a conforming use could be granted. That Deja Vu did not like the City's decision does not prove retaliation.

Nor can Deja Vu show that the City brought its action without a reasonable expectation of obtaining relief. (*Id.*) There is no suggestion that the Zoning Ordinance or MCL 125.3407 is invalid. The City expects to receive a favorable outcome because Deja Vu has admittedly operated its adult regulated use in an unpermitted zone after it lost any nonconforming use right it may have had.

Deja Vu's forum shopping argument falls flat. First, the City is not forum shopping. It is simply bringing state-law zoning claims, which are not pending anywhere else, in state court. Besides, forum shopping has never been held to constitute "bad faith" under *Younger*. Since the proceedings that trigger *Younger* are always filed in a state venue, Deja Vu's novel theory would swallow the rule.

5

Deja Vu cites *Doe v. Kentucky*, 860 F.3d 365 (6th Cir. 2017) for its bad faith proposition, but that case shows how narrow the exception is. There, a university appeals board had twice found that a hearing panel had violated Doe's due process rights in sexual misconduct hearings. Before the third hearing, Doe brought suit in federal court, but the district court abstained and the Sixth Circuit affirmed. *Id*. at 371 (noting that the university's system "had its flaws" and that the appeals board "has twice found problems with the hearings, but Doe's conclusory statements that the University is using him as an example is not enough to show harassment.").

A *Younger* bad-faith claim requires much more. *Tindall v. Wayne County Friend of Court by Schewe*, 269 F.3d 533, 539 (6th Cir. 2001) (noting that cases applying bad-faith exception "are exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court"); *Ken-N.K., Inc. v. Vernon Twp.*, 18 F. App'x 319, 324 n.2 (6th Cir. 2001) (noting, in adult case, that Supreme Court has applied bad-faith to only one set of facts: "where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions.").

Deja Vu's cases are inapposite. *Cullen v. Fliegner*, 18 F.3d 96, 99-100, 104 (2d Cir. 1994) (finding bad faith based on school board's "past history of personal conflict" against federal plaintiff (teacher) that showed "animus" and a "strictly *ad*

6

*hominem*" campaign against him);[2] *Show-World Ctr., Inc. v. Walsh*, 438 F. Supp. 642, 650 (S.D.N.Y. 1977) (noting federal plaintiff was not party to any state court proceeding); *Guillemard Gionorio v. Contreras Gomez*, 301 F. Supp. 2d 122, 130 (D.P.R. 2004) (holding state proceeding was not judicial in nature).

Deja Vu cites no case where a court has applied *Younger*'s bad-faith exception based on a straightforward enforcement of generally-applicable zoning regulation.

## Conclusion

For these reasons, the Court should abstain from considering Deja Vu's claims and either dismiss the complaint or stay these federal proceedings.

Dated: August 17, 2021          Respectfully submitted,

By:  /s/ *Scott D. Bergthold*
Scott D. Bergthold (TN 023186)
Law Office of Scott D. Bergthold, P.L.L.C.
2290 Ogletree Ave., Suite 106
Chattanooga, TN 37421
(423) 899-3025
sbergthold@sdblawfirm.com

Lauri B. Stewart (P55014)
500 Woodward, Suite 2500
Detroit, MI 48226
(313) 961-0200
lstewart@kerr-russell.com

*Attorneys for Defendants*

---

[2] The Second Circuit has narrowed *Cullen*. *Schlager v. Phillips*, 166 F.3d 439, 443 (2d Cir. 1999) (reversed trial court's decision to not abstain, observing that "[i]f the district court's interpretation of the *Cullen* exception were followed to its logical conclusion, the exception would swallow the rule").

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2021 I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of said filing to all filing users indicated on the Electronic Notice List through the Court's electronic filing system.

/s/ *Scott D. Bergthold*
Scott D. Bergthold (TN 023186)
Law Office of Scott D. Bergthold, P.L.L.C.